# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2022

Lyle W. Cayce
Clerk

No. 20-60654
Summary Calendar

Dora Maria Ramirez-Lopez; Ofelia Maria Morales-Ramirez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 743 398
BIA No. A208 743 300

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Dora Maria Ramirez-Lopez and her minor daughter, Ofelia Maria Morales-Ramirez, petition for review of the Board of Immigration Appeals's decision upholding the Immigration Judge's denial of asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal, and protection under the Convention Against Torture. For the following reasons, the petition is DENIED.

## I.

Dora Maria Ramirez-Lopez, the lead petitioner, is a native and citizen of Guatemala and an indigenous Mayan. After entering the United States without inspection or admission, she was issued a Notice to Appear charging her as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). After admitting the charges and conceding removability, Ramirez-Lopez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) on behalf of herself and her minor daughter. She testified in support of her application in front of the immigration judge (IJ).

Ramirez-Lopez testified that she had been discriminated against in Guatemala because of her indigenous Mayan heritage. She pointed to several specific instances of discrimination: (1) an incident where authorities cut off water and electricity service to her house and threatened to burn her house down if she did not leave; (2) that she was turned away from a public hospital while giving birth to her child (specifically, because she did not support any political parties and could not pay for treatment); and (3) an inability to find work and underpayment for any work she could find. Ramirez-Lopez also testified that when she brought her concerns to the police, they refused to help her because of her heritage (specifically, how she dressed) and her lack of money, and also laughed at her because she did not speak much Spanish (Ramirez-Lopez's primary language is Mam).

Ramirez-Lopez also claimed discrimination based on political grounds and based on being a member of her family, since she and her family did not vote and, because of that, they received no support or help from the mayor and officials would "yell at [them] and sometimes . . . threat[en] [them] if [they] don't vote for [the officials]." She stated that her father did not vote

because of his alcohol abuse, and that she did not vote because she was under the minimum voting age. Ramirez-Lopez did not point to any physical harm she experienced related to her race, heritage, family membership, or political opinion. Ramirez-Lopez testified that she would experience the same discrimination if she returned to Guatemala because there was "no place for [her] there" and that the same discrimination and abuse would occur no matter where she lived in Guatemala. On cross-examination, the government elicited testimony that Ramirez-Lopez lived in an area of Guatemala known as the Cradle of the Mams and that 99% of the population in her municipality, including the mayor, spoke Mam.

In a written decision, the IJ found that while Ramirez-Lopez's testimony was credible, she was unable to demonstrate her eligibility for asylum. Specifically, the IJ found that Ramirez-Lopez had not proven the harm she experienced rose to the level of persecution, that she had not shown a nexus between her harm and either her political opinion or animus toward her family, and that she had not provided sufficient evidence to show fear of future persecution (especially considering a lack of evidence that her family, who still resides in Guatemala, was being persecuted). The Board of Immigration Appeals (BIA) then affirmed the IJ's determination and dismissed Ramirez-Lopez's appeal.

## II.

"When . . . the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). In doing so, we review factual findings (including the BIA's determination of whether any harm suffered rose to the level of persecution) for substantial evidence. *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020). Substantial evidence exists if the BIA's

"conclusion [was] based upon the evidence presented and . . . [was] substantially reasonable," *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (quoting *Wilson v. INS*, 43 F.3d 211, 213 (5th Cir. 1995)), and we will reverse the BIA's factual findings only if "the evidence compels" a contrary result because "no reasonable factfinder could conclude against it," *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

Ramirez-Lopez has not satisfied that high standard. To be granted asylum, a person must be a refugee—that is, a noncitizen who cannot feasibly return to his or her home country "[b]ecause of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). "Persecution is an 'extreme concept that does not include every sort of treatment our society regards as offensive.'" *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)). Our court has consistently found that even asylum seekers who have suffered physical injuries at the hands of their harassers have not demonstrated that they experienced persecution. *See, e.g.*, *Gjetani*, 968 F.3d at 395; *Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996). Ramirez-Lopez's testimony highlighted several incidents of economic harassment, but no physical violence; economic discrimination typically does not rise to the level of persecution unless it is "severe" or leads to "the deprivation of liberty, food, housing, employment or other essentials of life," *Abdel-Masieh*, 73 F.3d at 583 (quotations omitted), which Ramirez-Lopez has not proven. *See, e.g.*, *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007) (explaining that economic persecution must be "more than mere economic discrimination" but instead must be "of a deliberate and severe nature and such that is condemned by civilized governments" (quotations omitted)); *Matadi v. Barr*, 821 F. App'x 277, 284 (5th Cir. 2020) (finding no persecution

No. 20-60654

when petitioner's "house was destroyed by government officials"); *Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1156 (11th Cir. 2014).

While we decry the discrimination Ramirez-Lopez has experienced, we find that there was substantial evidence supporting the BIA's determination that the discrimination was not persecution requiring a grant of asylum. There was also substantial evidence to support the conclusion that Ramirez-Lopez lacked a well-founded fear of future persecution, given the fact that Ramirez-Lopez's family remains in Guatemala and has not suffered persecution or otherwise been harmed. *Cf. Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

Because Ramirez-Lopez cannot establish her eligibility for asylum, she necessarily fails to show that she is eligible for withholding of removal, which has a higher standard. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Ramirez-Lopez also has not demonstrated she is eligible for CAT relief. Under 8 C.F.R. § 1208.18(a)(1), to obtain such relief, Ramirez-Lopez must demonstrate that it is more likely than not that, upon her return to Guatemala, she will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." The same substantial evidence that supports the determination that Ramirez-Lopez is not eligible for asylum also supports a determination that she was not tortured nor has a reasonable fear that she will be tortured by Guatemalan officials should she return.

### III.

For the foregoing reasons, the petition for review is DENIED.